UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARDY PRICE, III, PAUL C. PRICE, JOSHUA PRICE and HERSCHEL STAMPS <br><br> VERSUS <br><br> GREYHOUND LINES, INC., d/b/a GREYHOUND BUS SERVICES and TENNEISHIA MORRISON | CIVIL ACTION NO.: <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br> JURY DEMAND |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant, Greyhound Lines, Inc., d/b/a Greyhound Bus Services ("Greyhound" or "Defendant"), by and through undersigned counsel, hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of its removal, Greyhound respectfully avers as follows:

## BACKGROUND

I.

On May 27, 2014, Plaintiffs filed a Petition for Damages entitled "*Hardy Price, III, Paul C. Price, Joshua Price and Herschel Stamps v. Greyhound Lines, Inc., d/b/a Greyhound Bus Services and Tenneishia Morrison*," in Civil District Court for the Parish of Orleans, State of Louisiana (See Plaintiff's Petition for Damages, attached as Exhibit A). Greyhound Lines, Inc., d/b/a Greyhound Bus Services and Tenneishia Morrison were named as defendants.

II.

Plaintiffs have asserted personal injury claims arising out of a motor vehicle accident that occurred on or about June 30, 2013 on the I-10 at the Loyola Street exit in New Orleans. The accident involved a Greyhound bus operated by Tenneishia Morrison and a vehicle owned and operated by plaintiff, Hardy Price, III, in which plaintiffs Paul C. Price, Joshua Price, and Herschel Stamps were guest passengers. Plaintiffs allege that the Greyhound bus improperly changed lanes and struck the plaintiffs' vehicle. (See Exhibit A, Petition ¶ III).

III.

Defendant, Greyhound Lines, Inc. was served with the Petition for Damages on June 3, 2014.

IV.

Based upon information and belief, to date defendant, Tenneishia Morrison, has not been served with plaintiffs' Petition for Damages. It is believed, however, that citation via the Louisiana Long Arm Statute has been issued to Morrison. In the event that service is obtained on Morrison, undersigned counsel for Greyhound will be representing Morrison as she was operating the Greyhound bus in the course and scope of her employment at the time of the alleged accident.

**DIVERSITY OF CITIZENSHIP**

V.

Pursuant to 28 U.S.C. § 1332, this court has jurisdiction over this matter based upon complete diversity of citizenship among the Plaintiffs and Defendants.

VI.

As set forth in the Petition, Plaintiffs are persons of the full age of majority and domiciled in Orleans Parish, State of Louisiana, as alleged in the first paragraph of their Petition for Damages (See Exhibit A, Petition).

VII.

Defendant, Greyhound, is incorporated in the State of Delaware with its principal place of business in Ohio. Defendant, Tenneishia Morrison, is a resident of Texas. Accordingly, there is complete diversity amongst the parties.

**AMOUNT IN CONTROVERSY**

VIII.

Similarly, the $75,000 amount in controversy requirement of 28 USC § 1332 is satisfied in this case. The Plaintiffs' Petition for Damages does not quantify an amount of damages and does not include any statement that there is a lack of jurisdiction of Federal Court due to insufficiency of damages, as is specifically required pursuant to Louisiana Code of Civil Procedure Article 893(A)(1) if the amount of damages at issue is less than $75,000. Plaintiffs' do, however, pray for a trial by jury (See Exhibit A, Petition, the prayer). Plaintiffs' are thereby asserting that each individual petitioner's damages are in excess of $50,000 as this is the monetary threshold for the amount in controversy that must be met to have the right to a jury trial in a Louisiana state court.

IX.

Prior to the filing of the Petition of Damages counsel for the plaintiffs made a formal demand by written letter to Greyhound (through its third party administrator, Gallagher Bassett) on behalf of plaintiffs Hardy Price, III and Joshua Price and provided

copies of the plaintiffs' medical bills and reports with the demand letter (See January 24, 2014 demand letter from Plaintiffs' counsel, attached as Exhibit B). As to plaintiff Hardy Price, III counsel demanded "policy limits," (See p. 3 of demand letter) which included past medical expenses of $4,460.30, and future medical expenses of approximately $75,000 for the cost of cervical surgery and a myelogram/CAT scan recommended by Dr. Kenneth Vogel (See demand letter p. 2). As Hardy Price III's demand for past and future medical expenses alone is for $79,460.30, the amount in controversy as to Hardy Price III exceeds the $75,000 jurisdictional limit for a diversity case. The plaintiffs' pre-Petition settlement demand may be relied upon to prove the amount in controversy in support of removal jurisdiction.[1]

X.

Included in the medical reports provided by counsel for plaintiff Hardy Price, III with the demand letter (Exhibit B) were cervical and lumbar MRI reports which revealed bulging cervical discs at C3-4 and C6-7, a herniated cervical disc at C5-6 with impingement of the right C6 nerve root (See cervical MRI report from Magnolia Diagnostics attached as Exhibit C), and bulging lumbar discs at L3-4, L4-5, and L5-S1 (See lumbar MRI report from Magnolia Diagnostics attached as Exhibit D). The records, along with the demand letter, indicate that Hardy Price, III was referred by his initial physician, Dr. James Mulvey of the Health Care Center, to a neurosurgeon, Dr. Kenneth Vogel (See Exhibit B p. 2 and correspondence from Dr. Vogel to Dr. Mulvey dated 11/07/2013, attached as Exhibit E). Dr. Vogel offered Hardy Price, III hospital admission for further evaluation, including cervical myelogram/CAT scan and

---

[1] *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927 (E.D.La.) citing *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987 (M.D.La.).

appropriate care and stated that he was a surgical candidate pending test results (See Exhibit E). Counsel also provided correspondence issued to him by DMA (Diagnostic Management Affiliates) which states that the letter was issued in response to Dr. Vogel's recommendation for a cervical myelogram/CAT scan, and possible anterior cervical fusion 1-level, with the estimated cost of this procedure at approximately $70,000 – $80,000 (See letter from DMA to plaintiff's counsel attached as Exhibit F).

XI.

General damage awards for plaintiffs with similar or lesser disc injuries are more than sufficient to satisfy the monetary jurisdictional threshold requirement of $75,000. In *Bush v. Diamond Offshore Co.*, 46 F.Supp.2d. 515 (E.D.La. 1999), the plaintiff fell on a deck of a vessel and an MRI revealed disc pathology at C5-6 and C6-7. The Court awarded $130,000.00 for past and future pain and suffering. Similarly in *Ruffin v. Burton*, 2008-0893 (La. App. 4 Cir. 5/27/09); 34 So.3d 301, the plaintiff, injured in an automobile accident, was diagnosed with a bulge at C5-6 with no nerve root impingement, a deep-bone bruise and right knee inflammation. The court awarded $125,000.00 in general damages and $8,666.00 for medical expenses. Finally, In *Perez v. State EX Rel. Crescent City Com.*, 99-1753 (La. App. 4 Cir. 1/26/00), 753 So.2d 913, plaintiff sustained cervical and lumbar injuries as a consequence of a minor motor vehicle accident and cervical and lumbar MRIs revealed bulging discs. Plaintiff did not have surgery and was awarded $150,000 in general damages.

XII.

Based on plaintiff Hardy Price, III's pre-Petition settlement demand, the medical records provided with the demand, his demand for future medical expenses of $75,000

for cervical myelogram/CAT scan and appropriate surgical care recommended by Dr. Vogel, and awards for similar and lesser disc injuries, the amount in controversy for the claims of plaintiff Hardy Price, III exceeds the $75,000.00 jurisdictional limit for a diversity case.

XIII.

As to plaintiff Joshua Price, counsel also demanded "policy limits," and past medical expenses of $7,360.64 (See pp. 2-3 of demand letter attached as Exhibit B). Counsel provided medical reports for Joshua Price in support of his demand. These records included cervical and lumbar MRI reports that revealed bulging cervical and lumbar discs. The cervical MRI report revealed bulging discs at C3-4, C5-6 with moderate neural foraminal narrowing at these levels (See cervical MRI report from Metairie Imaging/Elmwood MRI attached as Exhibit G). The lumbar MRI report revealed bulging lumbar discs at L3-4 and L4-5 with neural foraminal narrowing bilaterally at these levels (See lumbar MRI report from Metairie Imaging/Elmwood MRI attached as Exhibit H). The physician who read the MRIs recommended an interventional pain consultation for the cervical and lumbar spine. (See p. 2 of Exhibits G and H). The records, along with the demand letter, indicate that Joshua Price was referred by his initial physician, Dr. James Mulvey of the Health Care Center, to a neurosurgeon, Dr. Kenneth Vogel (See Exhibit B p. 3 and correspondence from Dr. Vogel to Dr. Mulvey dated 11/14/2013, attached as Exhibit I). Dr. Vogel's impression was herniated cervical and lumbar disc(s) v. segmental instability with the recommendation for continued medical treatment to include physical therapy and medications (See Exhibit I).

XIV.

Based on plaintiff, Joshua Price's, pre-Petition settlement demand, the medical records provided with the demand, and the cases cited herein (See ¶ X.) demonstrating that general damages awarded to plaintiffs with similar or lesser disc injuries than those of plaintiff, Joshua Price, the amount in controversy for the claims of plaintiff Joshua Price exceeds the $75,000.00 jurisdictional limit for a diversity case.

## SUPPLEMENTAL JURISDICTION

XV.

The District Courts of the United States have authority to exercise supplemental jurisdiction where complete diversity exists and at least one named plaintiff in the action satisfies the amount in controversy requirement so long as the claims of the other plaintiffs arise out of the same "case or controversy".[2] Indeed, the claims of two(2) plaintiffs in this action, Hardy Price, III and Joshua Price, satisfy the amount in controversy requirement necessary for diversity jurisdiction.

XVI.

This matter is subject to removal as complete diversity exists and the amount in controversy requirement has been satisfied pursuant to 28 U.S.C. 1332 and 1367. As the claims of all the plaintiffs arise out of the same "case or controversy", this Court not only has jurisdiction over the claims of plaintiffs Hardy Price, III and Joshua Price, but also has supplemental jurisdiction and can exercise such jurisdiction over the claims of plaintiffs Paul C. Price and Herschel Stamps in this matter.

---

[2] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S. Ct. (6/23/05).

## **REMOVAL IS PROPER**

XVII.

This Notice of Removal is filed within thirty (30) days of service of plaintiffs' Petition for Damages on defendant Greyhound Lines, Inc., the first defendant served on June 3, 2014, at which time it was facially apparent that the amount in controversy was in excess of the jurisdictional threshold of $75,000.

XVIII.

The United States Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

XIX.

Since there is complete diversity of citizenship between Plaintiffs and Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367, and accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

XX.

Defendants have good and sufficient defenses to the Plaintiffs' claims for relief and dispute all rights to the relief prayed for in Plaintiffs' Petition for Damages.

WHEREFORE, Defendant, Greyhound Lines, Inc., d/b/a Greyhound Bus Services, prays that the above-entitled cause on the docket of the Civil District Court for

the Parish of Orleans, State of Louisiana, be removed from that court to the docket of the United States District Court for the Eastern District of Louisiana and for trial by jury.

Respectfully submitted,

TAYLOR, WELLONS, POLITZ & DUHE, APLC

*s/Gina Talluto Cursain*

PAUL J. POLITZ (T.A.) (#19741)
GINA CURSAIN (#23326)
ANGELA J. O'BRIEN (#34010)
1515 Poydras St., Suite 1900
New Orleans, LA 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899
COUNSEL FOR GREYHOUND LINES, INC.
d/b/a GREYHOUND BUS SERVICES

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Notice of Removal* has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 2nd day of July, 2014.

*s/Gina Talluto Cursain*

TAYLOR, WELLONS, POLITZ & DUHE, APLC
